UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

February 2, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:  *Bradley B. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
     Civil No. 23-0789-CDA

Dear Counsel:

On March 22, 2023, Plaintiff Bradley B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 6) and the parties' briefs (ECFs 10, 11 & 12). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on May 8, 2020, initially alleging a disability onset of November 27, 2013, later amending the onset date to December 1, 2018. Tr. 40, 228–39, 240–43. Plaintiff's claims were denied initially and on reconsideration. Tr. 147–56. On, May 12, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36–70. Following the hearing, on May 20, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 13–35. The Appeals Council denied Plaintiff's request for review, Tr. 5, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on March 22, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Bradley B. v. O'Malley*
Civil No. 23-0789-CDA
February 2, 2024
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "ha[d] not engaged in substantial gainful activity since the amended alleged onset date, December 1, 2018[.]" Tr. 18. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, chronic obstructive pulmonary disease, obstructive sleep apnea, neurocognitive disorder, anxiety, and depression[.]" Tr. 19. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "diabetes mellitus, back pain from degenerative joint disease of the cervical spine, left ankle disorder, and post-traumatic headaches[.]" Tr. 19. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work, lifting and carrying 20 pounds occasionally and 10 pounds frequently, standing and walking for 6 hours in an 8-hour day, and sitting for 6 hours in an 8-hour day. He can perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except never requires the use of ladders, ropes, and scaffolds). He can perform jobs that require frequent exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas. He can perform jobs consisting of simple, routine, and repetitive tasks, involving only simple, work-related decisions, with only occasional changes in the routine work setting. He can perform jobs with occasional interaction with supervisors, coworkers, and the public. Time off task during the workday can be accommodated by normal breaks, i.e., he is able to sustain concentration and attention for at least 2 hours at a time (20 CFR 404.1567 and 416.967).

Tr. 22. The ALJ determined that Plaintiff was unable to perform past relevant work as a sales representative (DOT[3] #275.357-034) and a heavy truck driver (DOT #905.663-014) but could

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of*

*Bradley B. v. O'Malley*
Civil No. 23-0789-CDA
February 2, 2024
Page 3

perform other jobs that existed in significant numbers in the national economy. Tr. 28. Therefore, the ALJ concluded that Plaintiff was not disabled prior to July 8, 2020, when Plaintiff's age category changed.[4]

### III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.     ANALYSIS

Plaintiff raises one argument on appeal: that the ALJ's holding ran afoul of the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF 10, at 7. Specifically, Plaintiff contends that because the ALJ found Plaintiff to have a "moderate limitation in maintaining concentration, persistence, or pace" ("CPP"), the ALJ needed to include a "corresponding limitation in her RFC assessment or explain why no such limitation [was] necessary." ECF 10, at 9. Defendant counters that the ALJ's RFC reasonably accounts for Plaintiff's mental impairments and is supported by substantial evidence. ECF 11, at 6.

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas, CPP, concerns "the abilities to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.*

---

*Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

[4] Tr. 28. Plaintiff was not disabled prior to July 8, 2020, but became disabled on that date and remained disabled through the date the ALJ made their hearing decision on May 25, 2022.

§ 12.00(F)(2)(c).

Specific to a limitation in the functional area of CPP, an ALJ must then expressly account for such limitation, or explain why no limitation exists, in the function-by-function analysis. *Mascio*, 780 F. 3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638; *Shinaberry*, 952 F.3d at 121–22. However, an ALJ may accommodate a claimant's moderate CPP limitations by assigning persuasive value to a medical opinion that "provide[s] substantial support for" the ALJ's CPP-related RFC provisions. *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017). In other words, where an ALJ finds that a "plaintiff [i]s moderately limited in CPP, the ALJ must account for those limitations in the RFC or explain how plaintiff could maintain CPP while performing simple, routine tasks." *Everlena G. v. Kijakazi*, No. DLB-20-0784, 2021 WL 3912277, at *3 (D. Md. Sept. 1, 2021).

Here, at step three, the ALJ observed that recent treatment records reflected that Plaintiff's "attention and concentration were intact, and his language skills were normal." Tr. 21. The treatment records confirmed Plaintiff had "an organized thought process and linear associations." *Id.* The ALJ considered that "there was no evidence of hallucinations or delusions[,]" and that Plaintiff's "thought processes were concrete, his associations were logical, and his fund of knowledge was appropriate." *Id.* However, the ALJ also noted Plaintiff's subjective reports that he has "problems paying attention due to lack of interest, and he does not finish what he starts." *Id.* The ALJ discussed Plaintiff's ability to "shop in stores for groceries two to three times a month, and [his ability] to keep the kitchen and bathroom clean despite taking a longer time to perform household chores." Tr. 25. Plaintiff could also "cook once or twice a week, clean once a week, wash laundry once a week, and shop once a week." *Id.* Based upon these observations, the ALJ determined that Plaintiff possessed a "moderate" CPP limitation. *Id.* In assessing the RFC, the ALJ limited Plaintiff to "perform jobs consisting of simple, routine, and repetitive tasks, involving only simple, work-related decisions, with only occasional changes in the routine work setting." Tr. 22. The ALJ included a limitation for "[t]ime off task during the workday [that] can be accommodated by normal breaks, i.e., he is able to sustain concentration and attention for at least 2 hours at a time." *Id.*

Plaintiff correctly observes that the ALJ "must either include a corresponding limitation in her RFC assessment or explain why no such limitation is necessary." ECF 10, at 9. But the Court disagrees that the ALJ's "decision is not supported by substantial evidence of record." ECF 10, at 4. The ALJ's reliance on the opinions of two medical sources in crafting the RFC provides support for the CPP limitations incorporated therein and enables the Court to perform meaningful review.

Two psychological consultants, Dr. Aroon Suansilppongse and Dr. Y. Sagawa, in separate examinations, found Plaintiff to have a moderate limitation in CPP. Tr. 25. Dr. Suansilppongse first examined Plaintiff on September 21, 2020. Tr. 90. Dr. Suansilppongse opined that Plaintiff had issues with memory, completing tasks, concentration, understanding, and following instructions. Tr. 88. Dr. Suansilppongse found that Plaintiff's sustained concentration and persistence limitations were not significantly limited when carrying out very short and simple

instructions but were moderately limited when carrying out detailed instructions. Tr. 94–95. On October 5, 2021, Dr. Sagawa examined Plaintiff and, similar to Dr. Suansilppongse, opined that Plaintiff possessed moderate CPP limitations. Tr. 109. Dr. Sagawa stated that Plaintiff "[l]acks interest to assess any [attention] span. Does not finish tasks. Concentration level determines ability to follow instructions." Tr. 111. Both Dr. Sagawa and Dr. Suansilppongse concluded that Plaintiff can "carry out simple instructions. His anxiety and depressive reaction as well as alleged pain/fatigue/headaches would occasionally interfere with his ability for sustained concentration and persistence or for task completion. However, [Plaintiff] would be able to complete tasks at an acceptable pace." Tr. 95, 114–15. In assessing Plaintiff's mental impairments, the ALJ assigned persuasive value to these opinions. Tr. 26. The ALJ subsequently crafted an RFC incorporating a limitation to simple, routine, and repetitive tasks with a restriction involving "only simple, work-related decisions, with only occasional changes in routine setting", adopting the recommendations set forth by the two psychological consultants. Tr. 22.

The Court determines that the opinions of Drs. Suansilppongse and Sagawa "provided substantial support" for the RFC assessed in this case and that the ALJ's adoption of these opinions permits meaningful review of the ALJ's decision. *Sizemore*, 878 F.3d at 81. An ALJ adequately accounts for a Plaintiff's moderate CPP limitations by assigning persuasive value to a source's opinion regarding those limitations and adopting the source's opined limitations into the RFC. *See Id.* at 80–81 (affirming an ALJ's decision where: (1) the ALJ adopted, without explanation, certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned persuasive value to the opinion); *see also Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis[.] Thus, the ALJ employed the legal standard set forth in . . . SSR 96–8p in determining [the claimant's] RFC.").

As a result, Plaintiff's argument that the ALJ ran afoul of *Mascio* is unpersuasive. First, the Fourth Circuit has rejected a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis, finding it "inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Mascio*, 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Remand is required only "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). Accordingly, the mere absence of an explicit function-by-function analysis does not warrant remand.

Second, the ALJ's determination did not improperly omit information relating to the CPP limitation. In *Mascio*, the ALJ found that the claimant, who suffered from an adjustment disorder, had moderate limitations in concentration, persistence and pace. Unlike here, the *Mascio* ALJ "ignor[ed] (without explanation) Mascio's moderate limitation in her ability to maintain [CPP]" when he conducted the function-by-function analysis. *Id.* at 633. "[B]ecause the ALJ ... gave no explanation" for these omissions, "a remand [was] in order." *Id.* at 638. Conversely, the ALJ's

adoption of the psychological consultants' opinions and other review of the record support her determinations regarding Plaintiff's limitation.  Tr. 25–26; *see Shinaberry*, 952 F.3d at 121–22 (distinguishing *Mascio* and affirming where the ALJ "sufficiently explained why the mental limitation to simple, routine, repetitive tasks accounted for Shinaberry's [mental] disability and her moderate limitations in [CPP]").

In sum, the ALJ's reliance on substantial evidence in assessing the RFC permits meaningful review of the ALJ's decision for the reasons explained above.  Additionally, Plaintiff identifies no harmful error resulting from the ALJ's failure to provide a narrative discussion explaining the RFC's accommodation of Plaintiff's CPP limitations.  *See generally* ECF 10.  Nor does Plaintiff identify any RFC provisions that the ALJ should have included in lieu of the provision at issue in this case.  *See generally id.*  Accordingly, remand is unwarranted because the Court's review is not "frustrate[d]" by "inadequacies in the ALJ's analysis[.]"  *Mascio*, 780 F.3d at 636.

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge