UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

June 7, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Bradley B. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-0789-CDA

Dear Counsel:

On February 16, 2024, pursuant to Local Rule 105.10, Plaintiff filed a Motion to Reconsider ("Motion") the Court's February 2, 2024 Memorandum Opinion and Order (the "February 2, 2024, Decision") affirming the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") judgment and closing this case. *See* ECF 15. Defendant filed a response in Opposition to the Motion on February 27, 2024. See ECF 16. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, the Court will DENY Plaintiff's Motion to Reconsider.

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider its affirmance of an ALJ's decision under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under 59(e), the Court may amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases). The first two criteria are inapplicable here, and Plaintiff fails to satisfy the third criteria.

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on March 22, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*Bradley B. v. O'Malley*
Civil No. 23-0789-CDA
June 7, 2024
Page 2

Plaintiff contends that reconsideration is warranted because the Court's February 2, 2024, Decision "contains manifest errors of both law and fact" when it noted that the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, or pace ("CPP"). ECF 15, at 2. Plaintiff maintains that the ALJ did not properly include a pace limitation in Plaintiff's RFC, necessitating remand. ECF 15, at 2, 5. Plaintiff also argues that the ALJ's reliance on the two state psychologists' opinions does not explain the reasons for omitting a pace limitation. ECF 15, at 4. Defendant counters that reconsideration is improper because the ALJ's analysis "complies with the governing regulations and the applicable caselaw" and because Plaintiff "has not shown that the Court 'patently misunderstood' the issues or committed an 'error . . . of apprehension.'" ECF 16, at 3, 5 (omission in original).

As explained in the February 2, 2024 Decision, the ALJ relied on the opinions of two medical sources in crafting the RFC; in doing so, the ALJ's decision supported the determined limitations and enabled the Court to perform meaningful review. The state agency psychologists found that although Plaintiff's symptoms "would occasionally interfere with his ability for sustained concentration and persistence or for task completion[,]" due to Plaintiff's moderate CPP limitations, they both opined that he would "be able to complete tasks at an acceptable pace." ECF 13, at 5 (quoting Tr. 95, 114-15). The ALJ relied on the state psychologists' opinions that Plaintiff would not be "significantly limited when carrying out very short and simple instructions but would be moderately limited when carrying out detailed instructions." ECF 13, at 5 (quoting Tr. 94-95). By assigning persuasive value to these opinions, the ALJ supported their RFC that Plaintiff "can perform jobs consisting of simple, routine, and repetitive tasks, involving only simple, work-related decisions, with only occasional changes in routine work setting." ECF 13, at 2 (quoting Tr. 22). Furthermore, by assigning persuasive value to the opinions that Plaintiff's symptoms would only occasionally interfere with his ability for sustained concertation and persistence, the ALJ adopted the RFC provision that Plaintiff is able to sustain concentration and attention for at least two hours at a time. ECF 13, at 3 (quoting Tr. 22).

Plaintiff argues that *Everlena G. v. Kijakazi*, No. DLB-20-0784, 2021 WL 3912277 (D. Md. Sept. 1, 2021) supports his contention that this case should have been remanded. ECF 15, at 2. Plaintiff avers that because the ALJ did not fully adopt the pace limitations suggested by state agency psychologist Dr. Aroon Suansilppongse into the RFC, this Court erred in affirming. ECF 15, at 4. But "even if an ALJ finds an opinion to be persuasive or very persuasive, the ALJ is not required to adopt all of [the medical source's] opinion solely because [he/she] found the opinion as a whole persuasive." *Benson v. Kijakazi*, No. 21-1345, 2022 WL 17406051, at *1 n.1 (W.D. Pa. Dec. 2, 2022) (citation omitted) (brackets in original). Dr. Y Sagawa's opinion, adopted by the ALJ, stated that Plaintiff "[l]acks interest to assess any [attention] span. Does not finish tasks, Concentration level determines ability to follow instructions." ECF 13, at 5 (quoting Tr. 13). Thus, Dr. Sagawa, and by adoption the ALJ, concluded that Plaintiff would be able to complete tasks at an acceptable pace. ECF 13, at 5.

Finally, Plaintiff contends that the limitations such as strict quotas, or pace limitations, were never presented to the vocational expert. ECF 15, at 5. This argument, now being raised for the first time, is unavailing at the reconsideration stage. *Pac. Ins. Co.*, 148 F.3d at 403. Moreover,

*Bradley B. v. O'Malley*
Civil No. 23-0789-CDA
June 7, 2024
Page 3

the ALJ provided "more than a mere scintilla" of evidence to support their findings. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). The ALJ's opinion is supported by substantial evidence, and I am not permitted to disturb those conclusions on review. *See Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012). At bottom, Plaintiff asks the Court to "re-think what the Court already thought through[.]" *Crocetti*, 2018 WL 3973074, at *1. The Motion fails to establish that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

    For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 15, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

                              Sincerely,

                              /s/

                              Charles D. Austin
                              United States Magistrate Judge